# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EMOGENE R. BROWN,** | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO.19-00149-TFM-B |
| **DR. LLYAS SHALKH,** | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

Plaintiff Emogene R. Brown, proceeding *pro se*, initiated this action on March 26, 2019, by filing a complaint and a motion to proceed without prepayment of fees. (Docs. 1, 2). Upon *sua sponte* review, the Court, in an order dated April 1, 2019, informed Plaintiff that her one-sentence complaint was deficient, as it contained no information regarding the nature of Plaintiff's claim or request for relief, nor the basis for federal jurisdiction. (Doc. 4). Therefore, the Court ordered Plaintiff to file an amended complaint that contained "a short and plain statement" of her claims as required by Federal Rule of Civil Procedure 8(a) and to provide the grounds for the Court's jurisdiction.[1] (Doc. 4). The

---

[1] The Court informed Brown that her one-sentence complaint was deficient, as it contained no information regarding the nature of her claim or request for relief. The complaint also failed to provide any basis for federal jurisdiction. (Doc. 4). The Court expressly advised Brown that in order to establish federal subject (Continued)

Court ordered Plaintiff to file an amended complaint curing the noted deficiencies by April 22, 2019, and cautioned her that if she failed to do so, the Court would recommend dismissal of her complaint.[2] (Id.). The Court also advised Brown that her motion to proceed without prepayment of fees (Doc. 2) was deficient because it did not include information needed to accurately assess her ability to pay the statutory filing fee. Accordingly, Brown was directed to refile the motion to proceed without prepayment of fees and to complete the Court's form completely so as to assist the Court in determining her ability to pay the filing fee. (Id.).

On April 11, 2019, Brown filed a supplement to her original complaint, which the Court construed as an amended complaint, but again Brown failed to assert any basis for the Court's subject matter jurisdiction over her claims.[3] (Doc. 6). Brown also filed

---

matter jurisdiction for this action, she must show the existence of either diversity jurisdiction(pursuant to 28 U.S.C. § 1332) or federal question jurisdiction (pursuant to 28U.S.C. § 1331)(Id.). The Court ordered Brown to file an amended complaint curing the noted deficiencies by April 22, 2019, and cautioned her that if she failed to do so, the Court would recommend dismissal of her action.

[2] The Court expressly advised Brown that, in order to establish federal subject matter jurisdiction for this action, she must show the existence of either diversity jurisdiction (pursuant to 28 U.S.C. § 1332) or federal question jurisdiction (pursuant to 28U.S.C. § 1331). (Doc. 4).

[3] Plaintiff's amended complaint consisted of the style of the case and twenty-seven pages of medical records. (Doc. 6). Like the original complaint, it did not contain a short and plain statement
(Continued)

a second motion to proceed without prepayment of fees (Doc. 7); however, it also was deficient because it did not provide sufficient information regarding Brown's sources of income and monthly expenses.  As a result, in an order dated April 12, 2019, (Doc. 7), the Court again ordered Brown to amend her complaint to provide a short and plain statement of her claims and the basis for the Court's jurisdiction by April 22, 2019.  The Court also denied Brown's motion to proceed without prepayment of fees and ordered her to re-file the motion and to address her sources of income and monthly expenses. (Id.).

On April 19, 2019, Brown paid the filing fee and, on April 29, 2019, she filed a second amended complaint.  (Doc. 9). However, the second amended complaint likewise fails to comply with the Court's two previous orders to provide the basis for the Court's subject matter jurisdiction over Plaintiff's claims.[4] Accordingly, the undersigned finds that this action is due to be **DISMISSED** without prejudice under Federal Rules of Civil Procedure

---

of the nature of her claims as required by Rule 8(a) of the Federal Rules of Civil Procedure, nor did it provide any basis for federal jurisdiction.

[4] Plaintiff's second amended complaint consists of the style of the case naming Gulf Coast Neurology and Dr. Llyas Shalkh as Defendants and the following three sentences: "On July 3, 2017, at Gulf Coast Neurology facility: a study was perform[ed] without my con[s]ent. I am now suffering with nerve damage and muscle weakness. I'm asking the court to grant me compensa[tion] for pain and suffering."  (Doc. 9).

12(h)(3) and 41(b).

**I. DISCUSSION.**

"It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999). "They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." Id. (citations omitted). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Id. at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." Id.

"When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013).

> Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir.1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally

4

> obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. Stanley v. C.I.A., 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); see also DiMaio v. Democratic Nat'l Comm., 520 F.3d 1299, 1303 (11th Cir.2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case. See Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331, n. 6 (11th Cir.2001) ("'[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.'" (quoting Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir.1993))); see also Belleri v. United States, 712 F.3d 543, 547 (11th Cir.2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

Travaglio, 735 F.3d at 1268–69.

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). In this case, Plaintiff has failed to allege any of the three types of subject matter jurisdiction.

While pleadings filed by *pro se* litigants are given liberal construction, "we nevertheless have required them to conform to

5

procedural rules." Moree v. Wells Fargo Bank, N.A., 2017 U.S. Dist. LEXIS 33112, *2, 2017 WL 1319840, *2 n.1 (S.D. Ala. Mar. 6, 2017), *report and recommendation adopted,* 2017 WL 1294003 (S.D. Ala. Apr. 4, 2017) (quoting Moton v. Cowart, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011). A plaintiff must "affirmatively allege facts demonstrating the existence of jurisdiction." Moree, 2017 U.S. Dist. LEXIS 33112 at *2 n.1, 2017 WL 1319840 at *2 n.1 (quoting Taylor, 30 F.3d at 1367; see also Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000) ("It is the plaintiff's burden . . . to allege with sufficient particularity the facts creating jurisdiction . . . .").

As stated in the Court's two previous orders, neither Brown's initial complaint (Doc. 1), nor any of her amended complaints (Docs. 6, 9) contain, as they must, "a short and plain statement of the grounds for the Court's jurisdiction," Fed. R. Civ. P. 8(a)(1), nor is any basis reasonably apparent from the face of these pleadings. In Brown's latest amended complaint, the cause of action appears to be in the nature of a medical malpractice claim, which would not provide subject matter jurisdiction under either a specific statutory grant or federal question jurisdiction pursuant to 28 U.S.C. § 1331. Further, in neither the original complaint nor the two subsequent amendments does Brown properly assert diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Under § 1332(a)(1), a district court has subject matter

jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." However, when federal jurisdiction is invoked based upon diversity, the complaint "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." Travaglio, 735 F.3d at 1268.

In neither the original complaint nor the two amended complaints does Brown identify the citizenship of the parties or the requisite amount in controversy such that diversity jurisdiction is apparent. With respect to the citizenship of the parties, Brown makes no direct comment on this issue but merely identifies her address as being located in Mobile, Alabama, and likewise lists the address of Defendant Dr. Shalkh as being located in Mobile, Alabama. (Doc. 1 at 1-2). Additionally, she has offered no facts on which to determine that the amount in controversy has been met. Because Brown has not alleged facts that show that federal subject matter jurisdiction over this case exists, dismissal of this action is mandated by Federal Rule of Civil Procedure 12(h)(3). See Moree, 2017 U.S. Dist. LEXIS 33112 at *6-7, 2017 WL 1319840 at *3; see also Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984) (holding that dismissals for lack of subject matter jurisdiction are without prejudice because the court has no power to render a judgment on the merits);

7

accord Georgia Advocacy Office, Inc. v. Camp, 172 F.3d 1294, 1299 (11th Cir. 1999).

**II. CONCLUSION.**

For the reasons set forth above, the undersigned **RECOMMENDS**, under 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b)(1), that this action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

**DONE** this **14th** day of **May, 2019.**

                                          **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**